1815.
DECEMBER.

Offutt
vs
Trail

A demand of rent
in arrear, before a
distress is made, is
not necessary.

OFFUTT vs. TRAIL.

APPEAL from *Montgomery* County Court. This was an action of replevin. The defendant, (now appellant,) avowed as bailiff for *Eleanor Offutt*, junior, for rent in arrear, Plea—not tenant, &c. Issue joined. At the trial the defendant offered in evidence, that the plaintiff had leased by parol the lands mentioned in the pleadings for one year, beginning on the 1st of January 1809, and ending on the 31st of December in the same year, for the rent of $100, which sum was to be due and payable on the 1st of October in that year, provided it was called for. That *Eleanor Offutt*, junior, mentioned in the pleadings, was legally entitled to the said rent; and that the defendant, her mother, was her agent and bailiff, duly authorised by her to demand, receive and distrain, for the same. That on the 27th of September 1809, notice was duly given to the plaintiff that the rent would be required on the 1st of October 1809; and that the rent, not being paid, the property mentioned in the declaration of the plaintiff was regularly distrained for the rent by the defendant, as bailiff of *Eleanor Offutt*, jun. on the 4th of October 1809. The plaintiff then prayed the opinion of the court to the jury, that by the terms of the lease, the plaintiff's property was not liable to distress for the rent, unless it had been demanded of him on or after the 1st of October 1809, and before the distress was made. Which opinion the Court, [*H. Ridgely* and *Harwood*, A. J.] gave to the jury. The defendant excepted; and the verdict and judgment being against her, she appealed to this court.

The cause was argued before CHASE, Ch. J. and NICHOLSON, EARLE, and JOHNSON, J.

*Taney*, for the Appellant, contended that there need not be a formal notice or demand for rent in arrear, before a distress could be made. That the distress itself was a demand. He cited 6 *Bac. Abr.* tit. *Rent*, (I).

No Counsel argued for the Appellee.

JUDGMENT REVERSED, AND PROCEDENDO AWARDED.